IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

TODD WEEKS,

        Plaintiff,

    v.

CURRY COUNTY, et al,

        Defendants.

Case No. 1:16-cv-00772-CL

**ORDER**

CLARKE, Magistrate Judge.

    Plaintiff Todd Weeks's ("Plaintiff") counsel seeks *ex parte* contact with current employees of Defendant Curry County ("Curry County").[1] For the reasons stated below, Plaintiff's counsel is precluded from *ex parte* contact with management-level employees of Curry County, and Curry County is to, in good faith, produce and provide Plaintiff with a list of employees Curry County deems managerial and therefore represented by Curry County's counsel.

---

[1] Plaintiff's counsel also seeks to contact former Curry County employees. The law is clear—and it appears neither party disputes—that Plaintiff's counsel may do so as long as such contact does not invade attorney-client privilege. See Oregon State Bar Formal Ethics Opinion No. 2005-152. Consequently, the Court will not address this issue.

Page 1 – ORDER

## LEGAL STANDARD

Oregon Rule of Professional Conduct ("ORPC") 4.2 states that "a lawyer shall not communicate on the subject of representation with a person the lawyer knows to be represented by a lawyer on that subject," unless: (1) the lawyer has the consent of the lawyer representing the person; (2) the lawyer is authorized by law to make such a communication; or (3) a written agreement requires written notice to be sent to such person. In the context of a corporate defendant, the corporation's officers, directors, and members of management are regarded as being represented by the corporation's counsel. Oregon State Bar Formal Ethics Opinion No. 2005-80. The same analysis applies to a state agency. In re Conduct of Spies, 316 Or. 530 (1993). "Where the contact with a current employee is not prohibited by ORPC 4.2," however, the lawyer may engage in *ex parte* contact without notifying the corporation's or state agency's attorney. Oregon State Bar Formal Ethics Opinion No. 2005-152.

## DISCUSSION

Plaintiff's counsel seeks *ex parte* contact with current Curry County employees in an effort to investigate Plaintiff's claims for, among other things, retaliation and defamation. Plaintiff did not provide the names of the employees counsel wishes to contact. Curry County objects to any potential *ex parte* contact with management-level employees, arguing that such communication is barred by ORPC 4.2. Furthermore, Curry County argues that, because of Curry County's size, the vast majority of Curry County employees act as department heads, whom Curry County considers management-level employees, thus precluding Plaintiff's counsel from contacting them.

Plaintiff does not dispute that ORPC 4.2 applies, but argues that it is not clear who is and is not a management-level employee. Furthermore, Plaintiff maintains that any management-

Page 2 -- ORDER

level employee who does not support the defense in this case—and instead supports Plaintiff's cause—may be contacted *ex parte* by Plaintiff's counsel, because Curry County's counsel cannot claim to represent management-level employees who do not support the defense. Indeed, Plaintiff argues, Curry County's counsel has a direct conflict of interest with such employees, which prevents Curry County's counsel from representing such employees and therefore deciding whether or not Plaintiff's counsel can engage in *ex parte* contact with them.

I.  **Plaintiff's Counsel's *Ex Parte* Contact with Management-Level Employees**

Plaintiff's counsel is prohibited from engaging in *ex parte* contact with any management-level employee of Curry County, regardless of the employee's personal opinions or sympathies to Plaintiff's cause. ORPC 4.2 prohibits a lawyer from engaging in *ex parte* contact on the subject of representation with any party the lawyer knows to be represented. In the context of state agencies, management-level employees are deemed to be represented by the agency's counsel. Here, both parties agree that Curry County is considered a state agency for purposes of this analysis. Therefore, all management-level employees of Curry County are represented by Curry County's counsel. It matters not whether management-level Curry County employees support the defense; the fact remains that ORPC 4.2 considers such employees to be represented by Curry County's counsel, thus forbidding Plaintiff's counsel from engaging in *ex parte* contact with them.

II. **Management-Level Employees**

The issue remains, however, which specific Curry County employees Plaintiff's counsel may contact *ex parte*. As stated, Curry County maintains that, because it is a small county, the number of non-managerial employees is quite limited; the vast majority of Curry County employees, it states, are department heads, who perform important county functions and thus are

Page 3 – ORDER

considered management. Curry County therefore argues that Plaintiff should identify which employees it wishes to interview *ex parte* so that Curry County's counsel can be sure ORPC-4.2 compliance is maintained. Plaintiff argues, however, that requesting Plaintiff to identify the employees Plaintiff wishes to interview invades the purviews of the work-product doctrine. The Court agrees: "[Plaintiff's] attorney may inquire of all employees not involved in management and whose conduct is not at issue without the consent or the knowledge of [Curry County]." Brown v. St. of Or., Dep't of Corrections, 173 F.R.D. 265, 268 (D. Or. 1997). Therefore, the Court believes that the solution most in line with work-product protections, and most amicable for both parties, is to require Curry County to, in good faith, produce and provide Plaintiff with a list of the employees Curry County determines to be managerial and thus represented by Curry County's counsel. Plaintiff may then interview all current Curry County employees not on this list, and whose conduct is not at issue in this case—and may do so without the consent or knowledge of Curry County.

## ORDER

Based on the foregoing, the Court forbids Plaintiff's counsel from engaging in *ex parte* contact with all management-level employees of Curry County, and all employees whose conduct is at issue in this case. Additionally, the Court orders Curry County to, in good faith, and within ten days of this Order, produce and provide Plaintiff with a list of employees Curry County deems managerial and therefore represented by Curry County's counsel.

ORDERED and DATED this ___7___ day of September, 2016.

MARK D. CLARKE
United States Magistrate Judge