IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TODD WEEKS,

          Plaintiff,

   v.

CURRY COUNTY, an Oregon State Agency; THOMAS HUXLEY, an individual; SUSAN BROWN, an individual; DAVID LUCAS, an individual, TERRI PEREZ, an individual; and JOHN and JANE DOE, an individual or individuals,

          Defendants.

Case No. 1:16-cv-0772-CL

ORDER

MCSHANE, Judge:

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation ("R&R") (ECF No. 29), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiff filed objections to the R&R on two points. ECF No. 32. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the report is correct and adopt.

1 –ORDER

## DISCUSSION

### I. Dismissal with prejudice of IIED and RICO claims

The R&R dismisses two claims with prejudice, Intentional Infliction of Emotional Distress (IIED) and Civil Racketeering (Federal and State) (RICO) (Am. Compl., ECF No. 11). Plaintiff requests leave be given to amend and cure the factual deficiencies. Pl.'s Obj. 2, ECF No. 31.

The legal standard for dismissing a complaint with prejudice is whether the complaint can be saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003). ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear, upon *de novo* review, that the complaint could not be saved by amendment."). "Though the policy in favor of permitting amendment is to be applied with "extreme liberality," a party who contends his complaint could be saved by amendment must present such amendment to the trial court either in opposition to the motion to dismiss or in a motion to reopen the judgment under Rules 59(e) or 60(b)." *HT Litig. Trust v. Jess Rae Booth*, 303 F. App'x 502, 503 (9th Cir. 2008) (internal citations omitted).

Here, plaintiff has failed to present any proposed facts sufficient to cure the deficiencies in his Complaint. Plaintiff must do more than simply assert that they could come up with some hypothetical language to cure the defects. Rather, Plaintiff must present actual proposed amended facts in their response or related briefing to a motion to dismiss. Plaintiff has had ample opportunity to present proposed amended facts to cure the factual deficiencies found in his IIED claim. No proposed facts have been submitted or offered. Plaintiff's IIED claim is dismissed with prejudice.

To be clear, Plaintiff does not object to Judge Clarke's analysis and conclusion that the IIED claim fails to allege acts that constitute some extraordinary transgression of the bounds of socially tolerable conduct. Nor would he have a basis for such objection. Allegations that an employer retaliated against an employee for a sham cause known by them to be false is not enough to constitute a claim for IIED. *Clemente v. State*, 227 Or. App. 434 (2009). I agree with Judge Clarke's application of *Clemente* to the IIED claim found here. The acts complained of do not rise to the level of socially intolerable conduct necessary to allege a claim for IIED.

I take the same approach to Plaintiff's RICO claim. Plaintiff failed to allege facts sufficient to constitute a federal or state claim for civil racketeering. Plaintiff has made no offer of alleged facts to cure the defects to his RICO claims. The RICO claims are dismissed with prejudice.

## II. Property interest to support a section 1983 claim

Plaintiff's second objection is directed at the Magistrate Judge's finding that plaintiff failed to identify a property interest sufficient to support his section 1983 claim. Plaintiff argues that he was deprived of a property interest; specifically, a disciplinary process set out in the county's employment manual requiring the county to investigate and discuss before termination. Am. Compl. ¶¶ 30, 31, ECF No. 11. "[I]f discipline, including termination, is based on alleged failure to meet standards, the complaint must be investigated by the County personnel officer and discussed with legal counsel before any hearing to consider [what] discipline may be held." Pl.'s Obj. 3, ECF No. 31.

I agree with Judge Clarke's analysis. Plaintiff's claim fails to identify a constitutionally protected property interest for which he was deprived. Generally established principles require parties to show that they have been deprived of a "property" interest in continued employment in

3 –ORDER

order to invoke procedural due process protection. *Board of Regents v. Roth*, 408 U.S. 564 (1972). Before a plaintiff can assert a right to and a deprivation of procedural protections, a plaintiff must establish their employment status is a property interest. *Id*. at 577. Here, however, Plaintiff is an at-will employee. As such, he has no property interest in his continued employment. He can be terminated at any time without due process. *Lawson v. Umatilla County*, 139 F.3d 690 (9th Cir. 1998).

As Plaintiff submits, there are circumstances where procedural rules and regulations enacted by a government employer may create an expectation of continued employment, thus creating a property interest. *See*, *Gunsolley v. Bushby*, 19 Or. App. 884, 890–91 (1974). Such regulations, however, must govern the substantive standards of discharge in order to create an expectation of continued employment. *Crampton v. Harmon*, 20 Or. App. 676, 685–86 (1975). For example, an employee told that he or she will only be discharged 'for cause' is entitled to expect their employment to be permanent unless and until the employer can adequately show 'cause' for termination. *Id*.

In *Gunsolley,* the Court found that rules governing the hospital and staff enacted by the Board of Directors of the hospital district created an expectation of continued employment so long as the employee performed satisfactorily. 19 Or. App. at 892. The specific language of the rule stated: "Unless otherwise specified, employment is presumed to be full-time and permanent during satisfactory service." *Id*.

The language in the employment manual relied on by the Plaintiff in this case can be distinguished from the facts in *Gunsolley*. The procedure outlined in the employment manual concerns the particular circumstance of when an employee may be disciplined and not the nature of the parties' at-will employment relationship. The employment manual does not place a

substantial restriction on the Defendants' right to terminate plaintiff. The county Board has the authority to terminate employment without the need for 'cause.' Because the plaintiff worked at the pleasure of the county Board and because the manual did not substantial restrict the Board's decision making authority, plaintiff did not a legitimate expectation of continued employment.

## CONCLUSION

I adopt the Report and Recommendation (ECF No. 29). Defendants' Motion to dismiss (ECF No. 14) is GRANTED in part and DENIED in part consistent with Magistrate Judge Mark D. Clarke's Report and Recommendation.

IT IS SO ORDERED.

DATED this 10th day of January, 2017.

     /s/ Michael J. McShane
Michael J. McShane
United States District Judge